FILED

2026 Jun-05  AM 08:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 2:26-mj-00268-JHE-1** |
| **KATHERINE GRACE JOINER,** | ) | |
| | ) | |

**ORDER**

This matter came before the Court for a detention hearing under the Bail Reform Act, Title 18 U.S.C. § 3142. The defendant is charged by complaint with violating Title 18 U.S.C. § 875(c).

At the hearing, the Government asserted that a detention hearing is authorized under Title 18 U.S.C. § 3142(f)(1)(A) because the charged offense is a "crime of violence" as defined in Title 18 U.S.C. § 3156(a)(4). The defendant objected, arguing that § 875(c) is not categorically a crime of violence and that § 3142(f)(1)(A) does not apply because § 875(c) carries a maximum penalty of five years' imprisonment.

The Court finds that supplemental briefing will assist in resolving the threshold issue whether a detention hearing is authorized under § 3142(f). Accordingly, it is **ORDERED** that the parties shall file supplemental briefs addressing:

1. Whether a violation of § 875(c), as charged here, qualifies as a "crime of violence" under § 3156(a)(4);

2. Whether the categorical approach applies, and if so, whether § 875(c) is divisible between threats to kidnap and threats to injure;

3. Whether the ten-year maximum-penalty language in § 3142(f)(1)(A) applies to the "crime of violence" category; and

4. Whether any other provision of § 3142(f) authorizes a detention hearing in this case.

The parties may also include any additional information they contend is relevant to the detention issue, including but not limited to medical information or any other matters bearing on detention or release.

**The Government's brief shall be filed by June 9, 2026, by close of business. The**

defendant's brief shall be filed by June 12, 2026, by close of business. No replies shall be filed absent leave of Court.

Pending further order of the Court, the Court reserves ruling on the Government's detention motion and maintains the defendant's current temporary detention status.

**DONE** this 4th day of June 2026.

_____

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE