FILED

2026 Jun-11  PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**In the United States District Court**
**For the Northern District of Alabama**
**Southern Division**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-mj-00268-JHE** |
| | ) | |
| **Katherine Grace Joiner** | ) | |

**Ms. Joiner's Response Regarding Detention Under the Bail Reform Act**

Katherine Grace Joiner, through counsel, respectfully files this brief responding to the Government's arguments, Doc. 9, and addressing detention under the Bail Reform Act pursuant to the Court's Order, Doc. 8. Further, in accordance with this Order, Doc. 8, Ms. Joiner will contemporaneously file a motion for leave to file under seal[1] certain exhibits bearing on release.

## I.     Procedural History

On May 20, 2026, Ms. Joiner was charged by criminal complaint in the Northern District of Mississippi with violating 18 U.S.C. § 875(c). Doc. 1. On May 28, 2026, federal authorities arrested Ms. Joiner in Shelby County, Alabama, within the Northern District of Alabama upon her discharge from Baptist Health Shelby Hospital. *See* Minute Entry 05/28/2026. The same day, the Court held Ms. Joiner's initial appearance under Federal Rule of Criminal Procedure 5(c)(3) and appointed the Federal Public Defender's Office to represent her. *Id.*

---

[1] Ms. Joiner seeks to file these exhibits under seal because they contain sensitive health information.

Upon the Government's motion, the Court temporarily remanded Ms. Joiner to U.S. Marshal Service custody and scheduled preliminary and bond hearings for June 2, 2026. *Id.* On June 2, 2026, following the conclusion of the Government's presentation as to probable cause, undersigned counsel asked the Court to direct the Government to assert its bases for seeking detention under the Bail Reform Act, specifically under 18 U.S.C. § 3142(f). The Government argued that a detention hearing is authorized under § 3142(f)(1)(A) because the charged offense under § 875(c) is a "crime of violence." *See* Doc. 8; 18 U.S.C. § 3142(f)(1)(A). Ms. Joiner, through the undersigned, objected that § 875(c) is not categorically a crime of violence and that § 3142(f)(1)(A) does not apply because § 875(c) carries a statutory maximum penalty of five years' imprisonment. *See id.* The Court reserved ruling on this threshold issue, heard evidence and arguments bearing on release, and ordered the parties to brief these and related issues to aid in the Court's decision-making. Doc. 8.

## II.   <u>**Legal Background**</u>

Under the Bail Reform Act, upon motion by the Government or the Court, the Court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). At such a hearing, the Court must consider (1) the nature and circumstances of the charged offense, (2) the weight of the evidence against the person, (3) the person's history and characteristics, and (4) the nature and seriousness of the danger to any person or the

community that would be posed if the person is released. *Id.* § 3142(g). The Court is to fashion the least restrictive condition or combination of conditions that will "reasonably assure" the person's appearance and the safety of the community. *Id.* § 3142(c).

Neither the Government nor the Court can move for detention and thereby convene a detention hearing by virtue of just any federal charge, however. *See United States v. Salerno,* 481 U.S. 739, 747 (1987) ("The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes.") (citing 18 U.S.C. § 3142(f)). Indeed, relevant here, the Bail Reform Act explicitly specifies certain types of charges or circumstances under which a hearing can be held:

> **(f) Detention Hearing.** — The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
>
> > **(1)** upon motion of the attorney for the Government, in a case that involves—
> >
> > > **(A)** a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> > >
> > > **(B)** an offense for which the maximum sentence is life imprisonment or death;
> > >
> > > **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.),

the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

**(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

**(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code[.]

18 U.S.C. § 3142(f)(1).[2] Neither a pretrial detention hearing nor pretrial detention is authorized unless the Court first finds that one of these conditions exists. *See Salerno*, 481 U.S. at 747; "When pretrial detention hearing required," 9B FED. PROC., L. ED. § 22:1854 (updated May 2026).

The Government maintains that this case falls within the ambit of § 3142(f)(1)(A)'s "crime of violence" condition. Doc. 9. As used in the Bail Reform Act, "crime of violence" refers to "(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property

---

[2] The Bail Reform Act contains two additional sets of circumstances under which pretrial detention may be authorized, largely on serious flight or obstruction concerns. *See* 18 U.S.C. § 3142(f)(2). Because the Government does not appear to contend and cannot substantiate that Ms. Joiner's case falls within those circumstances, *see* Doc. 9, the undersigned does not cite or address § 3142(f)(2) here.

of another; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; and (C) any felony under chapter 77, 109A, 110, or 117." 18 U.S.C. § 3156(a)(4). The Government argues that Ms. Joiner's case falls within provisions (A) (the "elements clause") and (B) (the "residual clause") of this definition. *See generally* Doc. 9.

To determine whether a charged offense falls within this definition, the Court must employ a categorical approach. *United States v. Rogers*, 371 F.3d 1225, 1228 n.5 (10th Cir. 2004) (applying the categorical approach in alignment with "the majority of the other courts to consider this question"); *United States v. Singleton*, 182 F.3d 7, 11 (D.C. Cir. 1999) ("[W]e conclude from the plain meaning of § 3156 that a categorical approach is required. Each of the three prongs of the statutory definition identify a fixed category of offenses that does not expand or contract based on the factual peculiarities of a particular case."). Thus, for a charged offense to meet the Bail Reform Act's "crime of violence" condition,

> the possibility of force must result from the nature of the elements of the offense rather than from the particular way that the defendant allegedly committed the crime. Under the 'categorical approach,' a court must only look to the statutory definition, not the underlying circumstances of the crime. Case-specific facts are relevant at a detention hearing, but not when considering the government's motion to hold such a hearing.

"'Crime of violence' defined for purposes of pretrial detention," 9B FED. PROC., L. ED. § 22:1856 (updated May 2026).

The Court's first step is to ascertain whether the charge is divisible. A statute is divisible only if it sets out one or more *elements* of the offense in the alternative and not merely different *means* of committing the offense. *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). That a statute is framed in the disjunctive is not dispositive. *See id.* at 506 ("This case concerns a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element."); *United States v. Gundy*, 842 F.3d 1156, 1162 (11th Cir. 2016); *United States v. Gardner*, 823 F.3d 793, 802 (4th Cir. 2016) ("A crime is not divisible simply because it may be accomplished through alternative means, but only when alternative elements create distinct crimes.").

Next, the Court must presume that the charged offense "rest[s] upon nothing more than the least of the acts criminalized." *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) (internal quotations and alterations omitted); *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014). Then, the Court must determine if that *least culpable conduct* proscribed by the statute requires as an element the use, attempted use, or threatened use of physical force against the person or property of another or, if the charge by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *See id.*; 18 U.S.C. § 3156(a)(4). In other words, the Court must determine whether the least culpable conduct criminalized by the law would fall within the

definition of a violent crime. If it does not fall within that definition, the charged offense contains offenses outside the scope of a crime of violence, and so the charged offense is, categorically, not a crime of violence.

### III.    <u>**Argument and Application**</u>

Section 875(c), the provision of Title 18 of the United States Code under which Ms. Joiner is charged, is indivisible. And the indivisible statutory provision criminalizes conduct—communicating in interstate commerce threats to *kidnap*— that falls outside the definition of a crime of violence. Consequently, the charged offense is categorically not a crime of violence.

#### A.  <u>The charged statutory provision, § 875(c), is indivisible.</u>

The charged statute criminalizing the communication of threats by interstate commerce reads as follows: "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). This provision creates two alternative *means* of committing the crime of making threats over interstate commerce: making threats to kidnap and making threats to injure. Because these are different means of committing one crime and not elements of essentially different crimes, the statute is not divisible.

Several tools of statutory interpretation support this conclusion. For one, the statute's text expressly provides a single punishment range for both means of making

Page **7** of **15**

interstate threats: a maximum custodial sentence of five years, a fine, or both. *Id.*; *see Gundy*, 842 F.3d at 1163 ("As one tool, the Supreme Court explained that 'the statute on its face may resolve the issue.' For example, "[i]f statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). That there is just one punishment specified for the two proscribed means of committing interstate threats supports that the statute provides just that: alternative means, not alternative elements. A defendant is not exposed to a different penalty by virtue of the means they are alleged to have undertaken in violating § 875(c).

The Eleventh Circuit's Criminal Pattern Jury Instructions bolster this conclusion. The applicable pattern instruction reads, in relevant part:

**O30.3**
**Interstate Transmission of Threat to Kidnap or Injure**
**18 U.S.C. § 875(c)**

It's a Federal crime to knowingly send in [interstate] [foreign] commerce a true threat to [kidnap] [injure] any person.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

> (1) the Defendant knowingly sent a message in [interstate] [foreign] commerce containing a true threat to [kidnap any person] [injure the person of another]; and

> (2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat.

O30.3, "Interstate Transmission of Threat to Kidnap or Injure," Eleventh Circuit Criminal Pattern Jury Instructions (last revised Dec. 2025) (brackets and emphasis

Page **8** of **15**

in original). Just as the terms "interstate" and "foreign" are bracketed to indicate alternative means of satisfying one jurisdictional element of § 875(c), so, too, are the phrases "kidnap any person" and "injure the person of another." *See id.* The instruction further defines the term "true threat" as one that is "serious – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of [being [kidnapped] [injured]] [another person being [kidnapped] [injured]]." *Id.* These instructions illustrate that the crime of communicating threats through interstate commerce can be accomplished either by threatening to injure someone or threatening to kidnap someone—alternative means which can be substituted into a jury instruction depending on the evidence presented at trial.

A final canon also supports this conclusion: the resolution of uncertainty in favor of the defendant. More pointedly in this case, there exists in the Bail Reform Act a strong norm of pretrial release. As the Supreme Court has recognized, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755.

To the extent that the Court finds this determination to be a close call, the Court should resolve this balance in favor of Ms. Joiner's liberty. *See United States v. Gillis*, 938 F.3d 1181, 1204 (11th Cir. 2019) ("In determining whether a statutory provision lists alternative elements or illustrative means, we consider first the text of the statute, second relevant decisional law, and third other evidence such as

Page **9** of **15**

indictments and jury instructions. If these sources do not speak plainly, courts must resolve the inquiry in favor of indivisibility.") (internal citations and quotation marks omitted).

    B. <u>The least culpable conduct proscribed by the statute falls outside the definition of a crime of violence.</u>

After determining that § 875(c) is indivisible, the Court should conclude that the least culpable conduct it proscribes does not meet the definition of a crime of violence, categorically excluding § 875(c) charges. As noted above, an individual can commit an offense under § 875(c) by levying interstate or foreign threats to kidnap another person. 18 U.S.C. § 875(c); O30.3, Eleventh Circuit Criminal Pattern Jury Instructions. In turn, threatening to kidnap does not require the threatened, attempted, or actual use of physical force, nor does threatening to kidnap create a substantial risk of force against another.

This is because kidnapping itself can be committed when a person "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person." 18 U.S.C. § 1201(a). And "[t]o 'inveigle' a person means to lure, or entice, or lead the person to do something by making false representations or promises, or using other deceitful means." O49, "Kidnapping [Resulting in Death]," Eleventh Circuit Criminal Pattern Jury Instructions (last revised Dec. 2025). This form of trickery or deceit does not require any violence as understood under 18 U.S.C. § 3156(a)(4). Consequently, § 875(c) proscribes conduct

that does not meet the definition of a crime of violence, and so the statute is categorically *not* a crime of violence.

The Government contends that "a threat to kidnap is logically a threat to use force, even if the crime itself can be achieved through a ruse," and so even this least culpable conduct constitutes a crime of violence. Doc. 9 at 13. But that is not true. A threat to lure someone away under false pretenses or through deceit is a threat to kidnap that person that does not involve as an element the use, attempted use, or threatened use of physical force against the person. *See Gillis*, 938 F.3d at 1209–10 (holding that a federal kidnapping charge under 18 U.S.C. § 1201(a) is not categorically a crime of violence because the statute can be violated without the "use, attempted use, or threatened use of physical force against property or against the person of another").

For similar reasons, the least culpable conduct proscribed by § 875(c) also does not fall within the "residual clause" of 18 U.S.C. § 3156 as the Government asserts. *See* Doc. 9 at 17–18. This residual clause requires a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). First, a threat to kidnap by means of inveiglement, deceit, or trickery does not engender a substantial risk that someone will be the victim of *physical force*. Second, the levying of a threat—no matter the means—does not necessarily carry with it a "substantial risk" of physical force. To be sure, the offense requires the transmission of a true threat, one that would place a

Page **11** of **15**

reasonable person in fear of the threatened conduct. But it does not follow that *in the course of committing the offense*—that is, simply transmitting the threat—one would necessarily create a substantial risk of physical force against another person.

Finally, as the Government identified, this latter residual clause has been the subject of void-for-vagueness litigation across the country. *See* Doc. 9 at 17–19 (collecting and summarizing cases). Ms. Joiner joins this chorus in arguing that this clause at 18 U.S.C. § 3156(a)(4)(B), which requires the Court to find a "substantial risk" of future physical force, is void for vagueness. *See Johnson v. United States*, 576 U.S. 591, 600–01 (2015). Contrary to the Government's argument, the authorization of pretrial detention under the Bail Reform Act is a severe restriction of an individual's liberty even if the judicial officer must assess other factors before reaching an ultimate detention determination. This is obvious even in the simple sense that absent authority under 18 U.S.C. § 3142(f), the Government cannot seek detention *at all*, and so the Court cannot remand the defendant to custody even temporarily pending a subsequent detention hearing. "Invoking so shapeless a provision" to authorize detaining a person pretrial—stripping a person of liberty, freedom of movement, freedom of association, family support, community-based healthcare, economic well-being, and on and on—"does not comport with the Constitution's guarantee of due process." *See id.* at 602.

C. Even if the charged offense is a "crime of violence," its maximum term is five, not 10, years' imprisonment.

Even if the Court concludes that the charged offense is a "crime of violence," the charge still does not automatically authorize pretrial detention or a detention hearing under § 3142(f)(1)(A) of the Bail Reform Act. After listing three types of offenses—crimes of violence, violations of section 1591, and offenses listed in section 2332b(g)(5)(B)—the final clause of § 3142(f)(1)(A) reads, "for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A). A strict, textualist reading of this provision mandates that only those specified types of federal offenses with maximum penalties of at least 10 years authorize the possibility of pretrial detention. Because the statute criminalizing the communication of interstate threats does not allow for custodial sentences beyond five years, *see* 18 U.S.C. § 875(c), this condition of § 3142(f)(1)(A) is not met.

## IV.    Additional Evidence Bearing on Pretrial Release

Notwithstanding the defense's continued objection that pretrial detention and a detention hearing are not authorized in this case, in accordance with the Court's directive welcoming additional evidence bearing on pretrial release, Doc. 8, counsel will supply certain exhibits under seal. These exhibits, which consist of an excerpt of medical records and a drafted transcript of the involuntary commitment hearing held on May 28, 2026, in Shelby County Probate Court, buttress the evidence and arguments the defense previously offered at the hearing on June 2, 2026. With the

express permission of Ms. Joiner, the defense has also shared this excerpt of her medical records with the medical staff of the detention facility in which she is housed to assist the facility in returning Ms. Joiner to her prescribed medications.[3]

If the Court determines that pretrial detention is authorized but wishes to hear additional evidence or argument about release, counsel respectfully requests to be heard again on that issue.

Respectfully submitted,

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

**/s/Mia Gettenberg**
MIA GETTENBERG
Assistant Federal Public Defender
Northern District of Alabama
505 20th Street North, Suite 1425
Birmingham, Alabama 35203
Mia_Gettenberg@fd.org

---

[3] As proffered at the hearing on June 2, 2026, Ms. Joiner was discharged from the hospital without a supply or proof of her prescriptions. Counsel has since received and reviewed medical records noting her diagnoses and prescriptions and provided the same to the detention facility, with Ms. Joiner's approval—which also illustrates Ms. Joiner's voluntary amenability to treatment.

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Respectfully submitted,

**/s/Mia Gettenberg**
MIA GETTENBERG
Assistant Federal Public Defender